UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DOUGHERTY SINGLETON** | : | **CIVIL ACTION NO. 14-2783** |
| **DOC #101739** | | **SECTION P** |
| **VERSUS** | : | **JUDGE WALTER** |
| **NURSE HARMOND, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se civil rights complaint filed *in forma pauperis* by plaintiff Dougherty Singleton (hereinafter "Singleton"). Singleton is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana. As defendants Singleton names ACC nurse practitioner Harmond, ACC Nurse Jenny, ACC Nurse West, ACC, and Global Expertise in Outsourcing Group, Inc. (hereinafter "GEO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

In his complaint, Singleton alleges that he was denied proper medical care violating his Eighth Amendment right against cruel and unusual punishment. He claims that on August 28, 2014, Nurse West administered his medication (Baclofin) crushed rather than in pill form. Doc. 1, p. 1, doc. 15, p. 2-3. He was told that defendant Harmond ordered all Baclofin to be crushed

due to a drug problem at ACC. Doc. 9, p. 2. After taking the medication, Singleton alleges that he suffered nausea, dizziness, and headaches. *Id.* In an amended complaint he claims that he did not take his medication from August 28, 2014, through October 5, 2014. Doc. 4, p. 3. In a subsequently filed letter to the court he claims that his medication strength had been changed and an additional medication was added. Doc. 9, p. 2. He then states that the medication was stopped because he would not drop a grievance that he filed. *Id.*

In another letter to the court he complains that the Ibuprofen that he is given does not help him and that defendant Harmond refuses to see him every two or three months as she did in the past. Doc. 13, p. 1. In addition to the aforementioned alleged act of retaliation concerning medication, Singleton also claims that he was taken out of general population and put in a cell due to his refusal to dismiss a grievance. Doc. 9, p. 3. Finally, he complains that Harmond continues to allow him to suffer and has not referred him to a neurologist or orthopedic. Doc. 15, p. 4.

As relief for the above, Singleton seeks monetary damages, that he receive his medication in pill form rather than crushed, transfer from ACC, and the resignation of defendant Harmond. Doc. 1, p. 3; doc. 4, p. 4, doc. 15, p. 7.

## II.
### LAW AND ANALYSIS

#### A. Frivolity Review

Singleton has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).

A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

The court is convinced that Singleton has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### C. Improper Defendant

Allen Correctional Center is not a proper party to this suit.

Fed. R. Civ. P. 17(b) provides that the capacity to sue or be sued is determined "by the law of the state where the court is located." Thus, Louisiana law governs whether ACC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). In other words, the State of Louisiana has not granted juridical status to ACC.

Singleton's suit against this non-juridical entity fails to state a claim upon which relief can be granted and should be dismissed.

### D. Supervisory Liability

Singleton has not stated a claim against GEO.

The law is clear that 42 U.S.C. § 1983 is an inappropriate vehicle for asserting an action based solely upon a theory of vicarious liability, or respondeat superior. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978). "Thus an employer will not be held liable under § 1983 [for the acts of its employees] unless the allegedly unconstitutional act constitutes a governmental 'policy' or 'custom.' " *Lee,* 2004 U.S. Dist. LEXIS 31872 at *7 (*citing Molton v. City of Cleveland,* 839 F.2d 240, 246 (6th Cir.1988), *cert. denied,* 489 U.S. 1068, 109 S.Ct. 1345, 103 L.Ed.2d 814 (1989)).

Singleton has not alleged personal involvement on the part of GEO nor that it implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### E. Medical Care Claims

Singleton claims that his medical care was inadequate.

Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. An inmate's rights are violated only if the defendants act with deliberate indifference to a substantial risk of serious medical harm which results in injury. Thus, in the present case, Singleton can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*,

648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy.  *Woodall, supra.*  Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992).  Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

In the instant case, the information contained in plaintiff's complaint does not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs.  Singleton's allegations, at most, state a disagreement amongst him and the medical staff regarding his medical treatment.  As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred.  Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison.  *See Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct.  1800 (1974).  The decision regarding plaintiff's treatment is best left to the prison officials.  The evidence before the court simply does not support a finding of deliberate indifference.

### F.  Retaliation

Singleton claims he was retaliated against for filing a grievance.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995) *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Singleton's complaint makes conclusory allegations in support of his claim. Such allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. Plaintiff's allegations of retaliation are insufficient to state a claim and should be dismissed this.

### G. Transfer Request

Singleton has requested that this court order his transfer from ACC.

An inmate does not have a constitutionally protected right to serve a sentence in any particular institution or to be transferred from one facility to another. *Olim v. Wakinekona,* 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison. ... The conviction has sufficiently extinguished the [inmate's] liberty interest to empower the State to confine him in *any* of its prisons.")(emphasis original); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) ("a prisoner has no liberty interest in being housed in any particular facility").

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Singleton's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE